1   ANDREW S. AZARMI (SBN 241407)
    andrew.azarmi@dentons.com
2   DENTONS US LLP
    1999 Harrison Street
3   Suite 1300
    Oakland, CA  94612
4   Telephone:     415 882 5000
    Facsimile:     415 882 0300
5
    ANNE E. WADDELL (SBN 311388)
6   anne.waddell@dentons.com
    DENTONS US LLP
7   4675 MacArthur Court, Suite 1250
    Newport Beach, CA 92660
8   Telephone:     949 732 3700
    Facsimile:     949 732 3739
9
    Attorneys for Defendants
10  THE PRUDENTIAL INSURANCE COMPANY
    OF AMERICA, PRUCO LIFE INSURANCE COMPANY,
11  and PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY

12                  UNITED STATES DISTRICT COURT

13               EASTERN DISTRICT OF CALIFORNIA

14                       FRESNO DIVISION

15

16  VALERIE NEPINSKY,                    Case No.

17              Plaintiff,               **DEFENDANTS' NOTICE OF
                                         REMOVAL OF A CIVIL ACTION TO
18       vs.                             THE UNITED STATES DISTRICT
                                         COURT PURSUANT TO 28 U.S.C. §§
19  THE PRUDENTIAL INSURANCE             1332, 1441, AND 1446**
    COMPANY OF AMERICA; PRUCO LIFE
20  INSURANCE COMPANY; PRUCO LIFE        **[REMOVED FROM TULARE COUNTY
    INSURANCE COMPANY OF NEW             SUPERIOR COURT, CASE NO.
21  JERSEY; and DOES 1 through 20, inclusive,   VCU302224]**

22              Defendants.
                                         Action Filed:   September 27, 2023
23                                       Trial Date:     None Set

24

25

26

27

28

CASE NO.                                 NOTICE OF REMOVAL OF A CIVIL ACTION

*(left margin)* DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
415 882 5000

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants The Prudential Insurance Company of America, Pruco Life Insurance Company, and Pruco Life Insurance Company of New Jersey (collectively, "Defendants"), contemporaneously with the filing of this Notice of Removal, hereby seeks removal of the below-referenced action from the Superior Court of the State of California, County of Tulare, to the United States District Court for the Eastern District of California.

The removal is based on 28 USC §§ 1332, 1441, and 1446, specifically on the following grounds:

1.    On September 27, 2023, Plaintiff Valerie Nepinsky ("Plaintiff") filed a Complaint with the Superior Court of the State of California, County of Tulare, entitled *Valerie Nepinsky v. The Prudential Insurance Company of America, a corporation; Pruco Life Insurance Company, a corporation; Pruco Life Insurance Company of New Jersey, a business form unknown; and Does 1 through 20, inclusive*, Case No. VCU302224 (the "Action").  Azarmi Decl., Ex. A.

2.    In the Action, Plaintiff alleges breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, and negligent misrepresentation against all Defendants, in connection with Plaintiff's claim for benefits under Prudential life insurance policy number L8154811 (the "Policy"), which has a $500,000 death benefit.  Compl. ¶¶ 37–54, 55–67, 68–76, 77–84.

3.    On October 5, 2023, Defendants received a copy of the Summons and Complaint in the Action via personal service.  Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint.

4.    The Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between all Plaintiff and all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

5.    For the purpose of citizenship, an individual is a citizen of a state in which they are domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Similarly, "a

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
415 882 5000

corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Under Supreme Court law, a corporation's "principal place of business" refers to the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). This is commonly referred to as the "nerve center" of a corporation, and it is "normally the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . ." *Id.* at 93. Finally, for the purpose of determining diversity for jurisdictional purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) (holding that "Does" named in Complaint without any indication as to their identities or relationship to the action are wholly fictitious and properly disregarded for jurisdictional purposes).

6.   Plaintiff alleges she is an individual who resides in Tulare County, California. Compl. ¶ 1.

7.   Defendant The Prudential Insurance Company of America ("PICA") is a corporation incorporated under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey. At all relevant times, PICA directed, controlled, and coordinated its activities from its headquarters in New Jersey.

8.   Defendant Pruco Life Insurance Company ("Pruco") is a corporation incorporated under the laws of the State of Arizona with its principal place of business in Newark, New Jersey. At all relevant times, Pruco Life directed, controlled, and coordinated its activities from its headquarters in New Jersey.

9.   Defendant Pruco Life Insurance Company of New Jersey ("Pruco NJ") is a corporation under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey. At all relevant times, Pruco NJ directed, controlled, and coordinated its activities from its headquarters in New Jersey.

10.   Plaintiff's Complaint fails to identify Does 1 – 20. Compl. ¶ 7.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
415 882 5000

NOTICE OF REMOVAL OF A CIVIL ACTION

11.     Thus, there was and is complete diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. §§ 1332(a).

### AMOUNT IN CONTROVERSY

12.     Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

13.     Plaintiff does not plead a specific amount of damages in his Complaint. Consequently this Court must only find, by a preponderance of the evidence, that the total amount in controversy exceeds $75,000.  See 28 U.S.C. § 1446(c)(2)(B).

14.     Plaintiff's Complaint is silent as to the total amount in controversy, but seeks judgment for general, special, economic and consequential damages, prejudgment interest, costs of suit and attorneys' fees.  Compl., Prayer, ¶¶ 1–5.  Plaintiff has stated that this action is premised on the denial of the Policy's benefits.  Compl. ¶ 51.  Plaintiff further alleges that she was entitled to the Policy's benefits and that Defendants "ha[ve] withheld from Plaintiff, either as the beneficiary under the Policy or as the assignee of all the beneficiary's contractual rights and benefits under the Policy, the $500,000 in indemnity benefits owed under the Policy."  Compl. ¶ 5

15.     The Court may consider facts in the Complaint as well as documents incorporated by reference which form the basis of Plaintiff's claim.  *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. Dec. 23, 2005).

16.     Plaintiff alleges the Policy a benefit of $500,000; consequently, the amount in controversy is $500,000.  *See Elhouty v. Lincoln Benefit Life Co*., 886 F.3d 752, 756 (9th Cir. 2018) (holding that when the action seeks payment of the policy benefit, that is the amount in controversy).  The amount in controversy as to this claim exceeds the $75,000 threshold to establish diversity jurisdiction under 28 U.S.C. §§ 1332(a).

17.     Within the Ninth Circuit, "[i]t is long-established that in declaratory judgment actions about whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy."  *Elhouty v. Lincoln Ben. Life Co*., 886 F.3d 752, 756 (9th Cir. 2018); *see also Desai v. Lincoln Nat'l Life Ins. Co*., 2020 U.S. Dist. LEXIS 122841, *5 (E.D. Cal. July 13, 2020) ("where a complaint alleges that a life insurance policy has

Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, California 94612
415 882 5000

1   been wrongfully terminated, 'the amount in controversy in cases dealing with life insurance

2   policies necessarily is the face amount of the policy'") (*citing Sandstrom v. Protective Life Ins.,*

3   *Co.*, 2013 U.S. Dist. LEXIS 194754, at *5 (C.D. Cal. Mar. 14, 2013) (finding validity of a life

4   insurance policy at issue because the plaintiff alleged that the defendant improperly canceled the

5   policy)); *Rand v. Midland Nat'l Life Ins.*, 2019 U.S. Dist. LEXIS 131918, *9-10 (C.D. Cal. Aug. 6,

6   2019) (same).

7       18.    Plaintiff also seeks punitive damages, emotional damages, and attorneys' fees and

8   costs, each often exceeding the minimum jurisdictional amount on their own.  (Prayer for Relief);

9   *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (holding

10  jurisdictional minimum may be satisfied through special and general damages, punitive damages,

11  and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002)

12  ("emotional distress damages may be considered when calculating the amount in controversy even

13  where not clearly pled in the complaint"); *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d

14  1246, 1250 (C.D. 2012) (court was within its discretion to find attorney's fees estimated over the

15  course of the entire litigation would exceed jurisdictional limit).  Although Defendants believe

16  there is no basis to award punitive damages in this case, such requests for relief are considered in

17  determining the amount in controversy.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.

18  2001); *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).  Using a

19  1:1 ratio for punitive to compensatory damages (which courts have described as "conservative")

20  yields an amount in controversy that plainly exceeds $75,000.  *See Bayol v. Zipcar, Inc.*, 2015 WL

21  4931756, *9 (N.D. Cal., August 18, 2015) ("using a conservative 1:1 ratio for punitive to

22  compensatory damages" to determine that amount in controversy requirement was satisfied); *see

23  also Tompkins v. Basic Research LL*, 2008 WL 1808316, *4 (E.D. Cal., April 22, 2008) (accord);

24  *James Dickey, Inc. v. Alterra America Ins. Co.*, 2015 WL 4537732, *3 (C.D. Cal., July 27, 2015)

25  (concluding that punitive damages awards in insurance bad faith cases range from $64,417 to

26  $646,471.53); *Winery v. Graham*, 2007 WL 963252, *3 (N.D. Cal., Mar. 29, 2007) (amount in

27  controversy satisfied where plaintiff alleged $40,680 in compensatory damages and sought

28  punitive damages).

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
415 882 5000

NOTICE OF REMOVAL OF A CIVIL ACTION

- 5 -

19.    Accordingly, the amount in controversy in the Action, exclusive of interest and costs, exceeds $75,000 and therefore satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a) to establish diversity jurisdiction.

**TIMELINESS OF REMOVAL**

20.    Defendants were served with Plaintiff's Complaint on October 5, 2023.

21.    Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days of receipt of Plaintiffs' Complaint.  28 U.S.C. § 1446(b)(1)("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."); *see also Harris v. Bankers Life and Cas. Co*., 425 F.3d 689, 692–93 (9th Cir. 2005) (noting that this thirty-day window begins to run where the case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint, "i.e., complete diversity of citizenship").

**VENUE IS PROPER**

22.    The Action was field in the Superior Court of the State of California, County of Tulare, and venue is therefore proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446.

**NOTICE TO PLAINTIFF AND SUPERIOR COURT**

23.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Tulare.

NOTICE OF REMOVAL OF A CIVIL ACTION

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
415 882 5000

1    Dated:  November 6, 2023                    Respectfully submitted,

2                                                DENTONS US LLP
                                                 ANDREW S. AZARMI
3                                                ANNE E. WADDELL

4
                                                 By: /s/ Andrew Azarmi
5                                                    Andrew Azarmi
                                                 Attorneys for Defendants
6                                                THE PRUDENTIAL INSURANCE
                                                 COMPANY OF AMERICA, PRUCO LIFE
7                                                INSURANCE COMPANY, and PRUCO
                                                 LIFE INSURANCE COMPANY OF NEW
8                                                JERSEY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
415 882 5000

- 7 -

NOTICE OF REMOVAL OF A CIVIL ACTION

# Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/05/2023
CT Log Number 544870662

## Service of Process Transmittal Summary

**TO:**   Florence Yee
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
751 BROAD ST
NEWARK, NJ 07102-3714

**RE:**   **Process Served in California**

**FOR:**   Pruco Life Insurance Company  (Domestic State: AZ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VALERIE NEPINSKY vs. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Stipulation, Alternative Dispute Resolution Status Report, Attachment(s) |
| **COURT/AGENCY:** | Tulare County - Superior Court, CA<br>Case # VCU302224 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/05/2023 at 14:22 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Rene Turner Sample<br>Freedman Law<br>3705 W. Beechwood Avenue<br>Fresno, CA 93711<br>559-447-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/06/2023, Expected Purge Date: 10/11/2023<br><br>Image SOP<br><br>Email Notification,  Legal Process Unit  legal.process.unit@prudential.com<br><br>Email Notification,  Darbi Luzzi  darbi.luzzi@prudential.com<br><br>Email Notification,  Lissette Diaz  lissette.diaz@prudential.com<br><br>Email Notification,  Florence Yee  Florence.Yee@Prudential.com |
| **REGISTERED AGENT CONTACT:** | Amanda Garcia<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

CT Corporation
**Service of Process Notification**
10/05/2023
CT Log Number 544870662

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

. Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                Thu, Oct 5, 2023
**Server Name:**                  DROP SERVICE

| | |
|---|---|
| Entity Served | PRUCO LIFE INSURANCE COMPANY |
| Case Number | VCU302224 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** The Prudential Insurance Company of America, a
**(AVISO AL DEMANDADO):** corporation; Pruco Life Insurance Company, a
corporation; Pruco Life Insurance Company of New Jersey, business form unknown;
and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Valerie Nepinsky
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Tulare
221 S. Mooney Boulevard, Room 201
Visalia, California 93291
Civil Division, Unlimited Jurisdiction

**CASE NUMBER:**
(Número del Caso): VCU302224

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
René Turner Sample, SBN 138046    (559) 447-9000    (559) 447-9100
FREEDMAN LAW, 3705 W. Beechwood Avenue, Fresno, California 93711
Paul J. O'Rourke, Jr., SBN 143951
LAW OFFICES OF PAUL J. O'ROURKE, JR., 8050 N. Palm Avenue, Suite 300, Fresno, California 93711

DATE: 09/27/2023    Clerk, by _____ Stephanie Cameron _____, Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Pruco Life Insurance Company, a corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Assigned to Judicial Officer
John P Bianco

For All Purposes

1 | René Turner Sample, SBN 138046
FREEDMAN LAW
2 | 3705 W. Beechwood Avenue
Fresno, California 93711
3 | Telephone No.: (559) 447-9000
Facsimile No.: (559) 447-9100
4 | Email address: eService@freedmanlaw.com

5 | Paul J. O'Rourke, Jr., SBN 143951
LAW OFFICES OF PAUL J. O'ROURKE, JR.
6 | 8050 N. Palm Avenue, Suite 300
Fresno, California 93711
7 | Telephone No.: (559) 272-9670
Facsimile No.: (559) 549-6224
8 | Email address: paul@pjorlaw.com

9 | Attorneys for Plaintiff
VALERIE NEPINSKY
10

**ELECTRONICALLY FILED**
Superior Court of California,
County of Tulare
**09/27/2023**
By: Sevanah Trevino ,
Deputy Clerk

**Case Management Conference**

01/31/2024 08:30 AM - Department 02

11 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | FOR THE COUNTY OF TULARE

13

14 | VALERIE NEPINSKY,                     Case No.   VCU302224

15 |            Plaintiff,                 **COMPLAINT FOR DAMAGES FOR**

16 |      v.                              1. **BREACH OF CONTRACT**
                                          2. **TORTIOUS BREACH OF THE**
17 | THE PRUDENTIAL INSURANCE                 **IMPLIED COVENANT OF GOOD**
COMPANY OF AMERICA, a corporation;         **FAITH AND FAIR DEALING**
18 | PRUCO LIFE INSURANCE COMPANY, a      3. **INTENTIONAL**
corporation; PRUCO LIFE INSURANCE          **MISREPRESENTATION**
19 | COMPANY OF NEW JERSEY, business form  4. **NEGLIGENT**
unknown; and DOES 1 through 20, inclusive,    **MISREPRESENTATION**
20
            Defendants.                  **DEMAND FOR JURY TRIAL**
21

22

23

24 |       COMES NOW, plaintiff, VALERIE NEPINSKY, and hereby alleges in her Complaint for

25 | Damages against Defendants as follows:

26 |                              **PARTIES**

27 |       1.     Plaintiff, VALERIE NEPINSKY ("Plaintiff"), is and was, at all relevant times, an

28 | individual who resides in Tulare County, California.

- 1 -

COMPLAINT

2.    Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation, has, at all relevant times, conducted the business of life insurance in Tulare County, California.

3.    Defendant, PRUCO LIFE INSURANCE COMPANY, a corporation, has, at all relevant times, conducted the business of life insurance in Tulare County, California.

4.    Defendant, PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY, business form unknown, has, at all relevant times, conducted the business of life insurance in Tulare County, California.

5.    Defendants, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUCO LIFE INSURANCE COMPANY and PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY will hereafter collectively be referred to as "PRUDENTIAL".

6.    Defendants DOES 1 through 20, are unknown, but are believed to be operating on behalf of or with the authority of Defendants or are otherwise liable for the events alleged herein and Plaintiffs' damages alleged herein.

7.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff is informed and believes, and thereon alleges, that at all relevant times alleged in this Complaint, each of the fictitiously named defendants are responsible in some manner for the injuries and damages to Plaintiff. Plaintiff will seek leave to amend this Complaint when their names and participation in the acts alleged herein have been ascertained.

8.    Plaintiff is informed and believes, and thereon alleges, that each of the defendants named herein was the agent, servant, or employee of each of the remaining defendants, and at all times mentioned herein, each was acting within the scope and authority of such agency or employment and for the mutual benefit of the other defendants.

### VENUE

9.    Venue is proper in this Court because: Tulare County is where the subject life insurance contract was entered into; Tulare County is where the contract is to be performed; and Tulare County is where the obligation or liability arises.

- 2 –

COMPLAINT

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff's deceased husband, Brian Nepinsky, co-owned a business named FFL Inc. ("FFL") in Visalia, California, along with Chris Riddington.

11. FFL purchased PRUDENTIAL Life Insurance Policy No. L8154811 (the "Policy"). When the Policy was issued, FFL was the owner of the Policy. Brian Nepinsky was the insured. Chris Riddington was the beneficiary.

12. In August of 2020, FFL was in the process of closing its business. Since FFL was closing its business, with the agreement of FFL and Chris Riddington, Brian Nepinsky sent a proper notice of change of beneficiary form to PRUDENTIAL, naming Plaintiff as the beneficiary. The change of beneficiary form was returned to Brian Nepinsky on the grounds that the change of beneficiary form was not signed. However, the change of beneficiary form did not have a signature line. Plaintiff alleges that she should have been the beneficiary under the Policy in and after August of 2020.

13. Consistent with the facts alleged in the preceding paragraph (that FFL, Mr. Riddington and Mr. Nepinsky agreed that Plaintiff should be the recipient of any Policy benefits if Mr. Nepinsky died), on July 26, 2021, Chris Riddington assigned, in writing, to Plaintiff all rights and benefits he had as beneficiary under the Policy. The assignment states: "I, Chris Riddington, hereby agree to assign all rights and benefits I may have as beneficiary under the [P]rudential policy number L8154811 for owner FFL, Inc. and insured Brian Nepinsky to Valerie Nepinsky." The assignment is dated July 26, 2021, and is signed by Mr. Riddington, as Secretary and Treasurer of FFL. As alleged infra, PRUDENTIAL has known of this assignment since shortly after September 27, 2021.

14. According to PRUDENTIAL, FFL did not pay the Policy's $635.00 annual premium due by the due date of July 26, 2020.

15. Plaintiff is informed and believes, and on that basis alleges that, in violation of California law, PRUDENTIAL did not provide notice to the named Policy owner, FFL, of a missed premium payment within 30 days of the missed July 26, 2020, premium payment and did not provide a notice of pending lapse and termination of policy to the named Policy owner, FFL, at least 30 days prior to any purported Policy termination. Cal. Ins. Code §§ 10113.71(b)(1), (3), 10113.72(c);

– 3 –

COMPLAINT

1  *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 240 (August 30, 2021).

2      16.    In addition, pursuant to California Insurance Code section 10113.71(a) ("Section

3  10113.71(a)"), "[e]ach life insurance policy issued or delivered in this state shall contain a provision

4  for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall

5  not run concurrently with the period of coverage. The provision shall provide that the policy shall

6  remain in force during the grace period."

7      17.    Based on Section 10113.71(a), regardless of when the Policy was issued (prior to or

8  after Section 10113.71(a) taking effect on January 1, 2013) or what the stated grace period is in the

9  Policy, the Policy is deemed, as a matter of law, to contain a grace period of 60 days. *McHugh, supra*,

10  12 Cal. 5th at 240. This means that, regardless of whether the annual premium was paid, indemnity

11  is owed under the Policy if, as happened here, the insured dies within 60 days of July 26, 2020.

12  *McHugh, supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the insurer

13  will be required to pay benefits for which it has not received a premium ... [although] the insurer

14  would be entitled to deduct the unpaid premium payment from any life insurance benefits it pays

15  out.").

16      18.    In addition, Insurance Code section 10113.72(a) and (b) require that an insurer notify

17  an individual life insurance policy applicant (subdivision a) and the policy owner (subdivision b) "of

18  the right to designate at least one person, in addition to the applicant [and policy owner], to receive

19  notice of a lapse or termination of a policy for nonpayment of premium." Insurance Code section

20  10113.72(c) provides that no "individual life policy shall lapse or be terminated for nonpayment of

21  premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination,

22  gives notice to the policy owner and to the person or person designated pursuant to subdivision (a)."

23      19.    In this case, on information and belief, Plaintiff alleges that PRUDENTIAL violated

24  Insurance Code section 10113.72(a) and (b) by not notifying FFL at the inception of the Policy and/or

25  annually of its of its right to designate at least one other person, in addition to the applicant and policy

26  owner, to receive notice of a lapse or termination of a policy for nonpayment of premium. As alleged

27  on information and belief *supra*, PRUDENTIAL never sent a notice of pending lapse and termination

28  of the Policy at least 30 days before any purported Policy lapse or termination. However, even if,

- 4 -

COMPLAINT

1 hypothetically, PRUDENTIAL did so, its violation of Insurance Code section 10113.72(a) and (b)

2 would render such notice invalid and null and void.

3      20.     PRUDENTIAL sent a September 3, 2020, letter to FFL enclosing a bill for the $635.00

4 annual premium. PRUDENTIAL's September 3, 2023, letter did not mention any missed payment,

5 pending Policy lapse or that the Policy had terminated. PRUDENTIAL's September 3, 2020, letter

6 was sent during the mandatory 60-day grace period in which the Policy is required to remain in force.

7      21.     On September 4, 2020, Brian Nepinsky tragically died in a plane crash that occurred

8 that day.

9      22.     On September 15, 2020, Plaintiff sent a check for $635.00 to PRUDENTIAL, which

10 was made payable to PRUDENTIAL. This check was sent to PRUDENTIAL while the Policy was

11 still in force due to the mandatory 60-day grace period.

12      23.     PRUDENTIAL subsequently cashed Plaintiff's September 15, 2020, check.

13      24.     By letter dated September 15, 2020, to FFL, PRUDENTIAL advised FFL that

14 PRUDENTIAL had not yet received the $635.00 payment due by July 26, 2020, but that the Policy

15 could be reinstated with a payment received by September 26, 2020. However, as noted, on

16 information and belief, as required by the law, PRUDENTIAL never sent to FFL a notice of pending

17 lapse and termination of policy at least 30 days before any purported termination of the Policy. In

18 addition, as of the date of PRUDENTIAL's September 15, 2020, letter, the Policy remained in force

19 due to the legally required 60-day grace period. Therefore, PRUDENTIAL's letter falsely stated that

20 the Policy had terminated. The letter further stated that if payment had already been made, the letter

21 could be disregarded. As noted, the payment had already been made by Plaintiff by check dated

22 September 15, 2020, and PRUDENTIAL cashed the check.

23      25.     On September 29, 2020, PRUDENTIAL sent another letter to FFL stating that while

24 payment had not yet been received and although the Policy had lapsed, the Policy was eligible for

25 reinstatement. Again, Plaintiff paid the annual premium due before the expiration of the mandatory

26 60-day grace period and, on information and belief, without PRUDENTIAL ever having sent to FFL

27 a notice of pending lapse and termination of policy at least 30 days prior to any purported termination

28 of the Policy.

- 5 -

COMPLAINT

26.     In addition, under the *McHugh* case, *supra*, 12 Cal. 5th at 233, regardless of whether Plaintiff paid the annual $635.00 premium, since Mr. Nepinsky died during the legally mandated 60-day grace period, PRUDENTIAL owed the $500,000 in indemnity benefits under the Policy.

27.     PRUDENTIAL sent a letter dated October 24, 2020, to FFL, which enclosed a PRUDENTIAL check for $635.00. The letter stated that PRUDENTIAL could not accept the check because the Policy had lapsed. The PRUDENTIAL check was not cashed.

28.     By letter dated September 27, 2021, Rene Turner, counsel for Plaintiff, made a claim under the Policy on behalf of Plaintiff. Ms. Turner's letter discussed the factual history of the matter. Ms. Turner's letter also stated that the change of beneficiary request made in August of 2020 (from Mr. Riddington to Plaintiff), had been improperly rejected. Ms. Turner further provided a copy of the July 26, 2021, written assignment of Mr. Riddington's rights and benefits, as a beneficiary under the Policy, to Plaintiff. Ms. Turner's letter asked for confirmation that the Policy was in full force when Mr. Nepinsky died. Ms. Turner's letter also stated: "I also hereby demand full payment of the policy."

29.     Ms. Turner's letter further stated: "In the event it is your position that the policy was not in effect, please provide written documentation setting forth a basis for your denial and provide a complete copy of the file regarding this policy, including but not limited to, a copy of the policy, the application, all payment records and all correspondence regarding this policy."

30.     After having received Ms. Turner's September 27, 2021, letter, given its duties under the implied covenant of good faith and fair dealing and applicable California claims handling regulations, PRUDENTIAL was required to "conduct and diligently pursue a thorough, fair and objective investigation …." Cal. Code Regs. Title 10, § 2695.7(d). PRUDENTIAL failed to conduct any meaningful investigation. PRUDENTIAL did not contact Ms. Turner or Plaintiff. Based on information and belief, PRUDENTIAL did not contact Mr. Riddington.

31.     An "insurer bears a common law obligation to assist the insured to recover bargained-for policy benefits. … This obligation is often described as a manifestation of the duty of good faith and fair dealing, which arises from every contract as an implied covenant generating both a contractual obligation and a duty in tort." *City of Hollister v. Monterey Insurance Company*, 165 Cal. App. 4th 455, 490-491 (2008). Despite the foregoing duty owed by PRUDENTIAL, PRUDENTIAL

- 6 –

1     made no effort to assist Plaintiff to recover benefits owed under the Policy.

2         32.     Instead, by letter to Ms. Turner dated November 8, 2021, and without having engaged

3 in any meaningful investigation of the facts or controlling law, Kimberly King, Vice President of

4 Operations for PRUDENTIAL, represented as follows: "Our records indicate that this policy lapsed

5 on 8/26/2020 due to non-payment of an annual premium that was due on 7/26/2020. The insured died

6 on 9/4/2020 and the check from Valerie Nepinsky is dated 9/15/2020. A policy cannot be reinstated

7 after the death of the insured." The letter claimed that the payment "submitted by Valerie Nepinsky

8 was returned to the owner of the policy, FFL Inc., on 10-27-2020."

9         33.     The November 8, 2021, letter sent by Kimberly King, Vice President of Operations

10 for PRUDENTIAL, further represented: "Unfortunately, the letter dated 9/15/2020, advising the

11 owner they were able to reinstate this policy, had already been mailed before the death of the insured

12 was reported to Prudential. This policy had a 31 day grace period before it would lapse if payment is

13 received within that grace period and before the death of the insured as it is explained on the letter

14 dated 9/15/2020 which was addressed to the owner, FFL Inc."

15         34.     In the *McHugh* case, based on California Insurance Code section 10113.71(a), the

16 California Supreme Court held that "if the insured dies during the extended grace period [60 days

17 following the premium due date], the insurer will be required to pay benefits for which it has not

18 received a premium ... [although] the insurer would be entitled to deduct the unpaid premium

19 payment from any life insurance benefits it pays out." *McHugh, supra*, 12 Cal. 5th at 233

20         35.     The opinion in the *McHugh* case, *supra*, 12 Cal. 5th 213, was issued on August 30,

21 2021. As a Vice President of Operations for a major life insurer conducting the business of insurance

22 in California, Ms. King and her employer, PRUDENTIAL, knew or should have known of the holding

23 in the *McHugh* case at and before the time that Ms. King sent her November 8, 2021, letter to Ms.

24 Turner. Therefore, the November 8, 2021, letter sent to Plaintiff's counsel by PRUDENTIAL's Vice

25 President of Operations intentionally or negligently misrepresented that the grace period was 31 days

26 rather than the legally mandated 60 days.

27         36.     Under California's claims handling regulations, when an insured makes a

28 communication "that reasonably suggests that a response is expected, every licensee, shall

COMPLAINT

1  immediately, but in no event more than fifteen days after receipt of that communication, furnish the

2  claimant with a complete response based on the facts as the known by the licensee." Cal. Code Regs.

3  Title 10, § 2695.5(b). Despite Ms. Turner's request to PRUDENTIAL contained in her September

4  27, 2021, letter, PRUDENTIAL never sent Ms. Turner a complete copy of the file regarding the

5  Policy, including but not limited to, a copy of the Policy, the application, all payment records and all

6  correspondence regarding this Policy.

### FIRST CAUSE OF ACTION

**Breach of Contract**

**(By Plaintiff against all Defendants, including DOES 1 through 20)**

10      37.      Plaintiff hereby incorporates by reference paragraphs 1 through 36, above, as if set

11  forth in full herein.

12      38.      FFL and PRUDENTIAL entered into a contract of life insurance (the Policy).

13      39.      As relevant here, the material terms of the Policy were that: FFL was the owner of the

14  Policy; Brian Nepinsky was the insured under the Policy; Chris Riddington was the beneficiary under

15  the Policy; the Policy limits were $500,000.00; and upon the death of the insured, PRUDENTIAL

16  would pay the beneficiary $500,000.00.

17      40.      As alleged *supra*, in August of 2020, prior to Mr. Nepinsky's death, because FFL was

18  closing its business, Chris Riddington, a co-owner of FFL, along with Brian Nepinsky, no longer

19  needed to be named as a beneficiary. A proper change in beneficiary form was sent to PRUDENTIAL

20  changing the beneficiary from Chris Riddington to Plaintiff. The document was improperly returned

21  by PRUDENTIAL claiming it did not have a signature. However, the PRUDENTIAL change in

22  beneficiary form did not have a signature line. As a result, Plaintiff should be considered the sole

23  beneficiary under the Policy as of August of 2020.

24      41.      Alternatively, if Chris Riddington is deemed to be the sole beneficiary under the Policy

25  on the date that Mr. Nepinsky died, on July 26, 2021, as alleged *supra*, Chris Riddington assigned, in

26  writing, all rights and benefits he may have as beneficiary under the Policy to Plaintiff. Mr.

27  Riddington did so because that was the intent of FFL, Mr. Riddington and Mr. Nepinsky in August

28  of 2020 to make Plaintiff the beneficiary under the Policy. Therefore, as Mr. Riddington's assignee,

- 8 -

COMPLAINT

1    Plaintiff stands in the shoes of Mr. Riddington as the beneficiary under the Policy and has the
2    contractual right to receive all contractual benefits due under the Policy. As alleged *supra*,
3    PRUDENTIAL has known of the assignment of rights since receiving Ms. Turner's September 27,
4    2021, letter to PRUDENTIAL.

5        42.    While the annual premium of $635.00 purportedly due by July 26, 2020, was not paid
6    by FFL on or before that date, as alleged *supra*, on information and belief, PRUDENTIAL never sent
7    a notice of pending lapse to FFL at least 30 days prior to any Policy lapse as required by California
8    law. Cal. Ins. Code § 10113.71(b)(1).

9        43.    In addition, as alleged *supra*, pursuant to California Insurance Code section
10   10113.71(a), regardless of when the Policy was issued or what the stated grace period is in the Policy,
11   the Policy is deemed, as a matter of law, to contain a grace period of 60 days past the missed premium
12   due date of July 26, 2020. The statutory 60-day grace period requirement supersedes any conflicting
13   language contained in the Policy. That means the Policy was required to remain in force, regardless
14   of whether the annual $635.00 annual premium was paid, for 60 days after July 26, 2020.

15       44.    In addition, as alleged *supra*, PRUDENTIAL sent a September 3, 2020, letter to FFL.
16   That letter simply enclosed a bill for $635.00. The letter did not mention any missed payment or
17   policy lapse.

18       45.    On September 4, 2020, Brian Nepinsky tragically died in a plane crash that occurred
19   that day.

20       46.    As alleged *supra*, Mr. Nepinsky's death occurred on September 4, 2020, which is
21   within the legally required 60-day grace period when the Policy remained in force regardless of
22   whether the Policy contained a 31-day grace period or whether the annual $635.00 premium was
23   paid. *McHugh, supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the
24   insurer will be required to pay benefits for which it has not received a premium … [although] the
25   insurer would be entitled to deduct the unpaid premium payment from any life insurance benefits it
26   pays out.").

27       47.    Nevertheless, on September 15, 2020, Plaintiff sent a check for $635.00 to
28   PRUDENTIAL which was made payable to PRUDENTIAL.

COMPLAINT

48.   PRUDENTIAL subsequently cashed the check.

49.   Plaintiff presented a claim to PRUDENTIAL via Ms. Turner's September 27, 2021, letter to PRUDENTIAL.

50.   Plaintiff and her assignor and FFL satisfied all conditions required under the Policy and/or any such conditions allegedly complied with were waived by PRUDENTIAL and/or PRUDENTIAL is equitably estopped from raising such conditions.

51.   On November 8, 2021, PRUDENTIAL breached the Policy by not paying Plaintiff the $500,000.00 limits of the Policy as demanded by Plaintiff. The breach occurred when PRUDENTIAL refused to pay the benefits by its November 8, 2021, letter, not when PRUDENTIAL improperly terminated the Policy. *Poe v. Northwestern Mutual Life Insurance Company*, 2023 WL 5251875, at * 4 (C.D. Cal. August 14, 2023).

52.   Since the insured, Mr. Nepinsky, died within the legally mandated 60-day grace period, PRUDENTIAL owed the full $500,000 indemnity limits of the Policy minus the unpaid premium (which was in fact paid to PRUDENTIAL by Plaintiff on September 15, 2020).

53.   PRUDENTIAL's November 8, 2021, breach of contract was a substantial factor in causing Plaintiff's harm.

54.   As a result of PRUDENTIAL'S breach of the Policy, Plaintiff has suffered damages, including, but not limited to, loss of the $500,000 indemnity payment owed under the Policy, and interest at the legal rate thereon, mental and emotional harm and other consequential and incidental damages to be proven at trial.

### SECOND CAUSE OF ACTION

**Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(By Plaintiff against all Defendants, including DOES 1 through 20)**

55.   Plaintiff hereby incorporates by reference paragraphs 1 through 54, above, as if set forth in full herein.

56.   As alleged in the preceding cause of action, as a result of its breach of the Policy on November 8, 2021, PRUDENTIAL has withheld from Plaintiff, either as the beneficiary under the Policy or as the assignee of all the beneficiary's contractual rights and benefits under the Policy, the

1  $500,000 in indemnity benefits owed under the Policy.

2      57.    PRUDENTIAL's withholding of the benefits owed under the Policy was unreasonable
3  and without proper cause.

4      58.    First, on information and belief, Plaintiff alleges that PRUDENTIAL knew that it did
5  not lawfully provide notice of a pending Policy lapse and termination of policy to FFL, the owner of
6  the Policy, at least 30 days prior to any purported Policy termination.

7      59.    Next, as alleged *supra*, even if the PRUDENTIAL Policy specifies a 31-day grace
8  period (and PRUDENTIAL has refused Plaintiff's request for a copy of the Policy), PRUDENTIAL
9  knew or should have known, particularly because the *McHugh* decision was issued at least two
10  months prior to PRUDENTIAL's claim denial, that California law has mandated that every life
11  insurance policy contain a 60-day grace period provision. Cal. Ins. Code § 10113.71(a); *McHugh*,
12  *supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the insurer will be
13  required to pay benefits for which it has not received a premium … [although] the insurer would be
14  entitled to deduct the unpaid premium payment from any life insurance benefits it pays out."). The
15  statutory 60-day grace period requirement supersedes any conflicting language contained in the
16  Policy.

17      60.    Prudential knew that Mr. Nepinsky's death occurred on September 4, 2020, which was
18  within the legally required 60-day grace period when the Policy was still in force regardless of
19  whether the Policy contained a 31-day grace period or whether the annual $635.00 premium was paid
20  (which it was ultimately timely paid).

21      61.    PRUDENTIAL also knew that on September 3, 2020, during the required 60-day
22  grace period, PRUDENTIAL sent a bill for the annual $635.00 premium owed by FFL and that
23  Plaintiff subsequently paid said premium by check dated September 15, 2020. PRUDENTIAL also
24  knew that it cashed the September 15, 2020, check for the $635.00 annual premium payment.

25      62.    Despite PRUDENTIAL's knowledge of the matters set forth above and as alleged
26  *supra*, in response to Plaintiff's counsel's September 27, 2021, letter making a claim to Prudential on
27  behalf of Plaintiff and demanding that PRUDENTIAL pay the Policy limits, by letter dated November
28  8, 2021, and without conducting any meaningful investigation, and violation of the statutory law

- 11 -

COMPLAINT

1  discussed, *supra*, and the *McHugh* case, PRUDENTIAL breached the Policy, in bad faith, by refusing
2  to pay the full indemnity limits owed. PRUDENTIAL also refused, in violation of its duty of good
3  faith and fair dealing and California claims handling regulations, to provide documents, upon the
4  request of Plaintiff's counsel, which are relevant to Plaintiff's claim for Policy benefits and
5  PRUDENIAL's refusal to provide Policy benefits (see paragraphs 29, 36, *supra*).

6      63.    PRUDENTIAL's November 8, 2021, denial letter also misrepresented California law
7  regarding the required grace period. PRUDENTIAL claimed that the Policy contained a 31-day grace
8  period. Notwithstanding what grace-period language the PRUDENTIAL Policy may contain (and
9  PRUDENTIAL refused Plaintiff's request for a copy of the Policy), PRUDENTIAL knew or should
10 have known, following the *McHugh* decision, that California law mandates that every life insurance
11 policy contain a 60-day grace period provision. Cal. Ins. Code § 10113.71(a).

12     64.    The decision in the *McHugh* case was issued over two years ago. Notwithstanding that
13 PRUDENTIAL must be well-acquainted with said decision by now, PRUDENTIAL never re-opened
14 and evaluated Plaintiff's claim to determine whether PRUDENTIAL improperly withheld policy
15 benefits because of the *McHugh* decision and the California statutes discussed *supra*. PRUDENTIAL
16 obviously decided, for selfish economic reasons, to be reactive, not proactive, by defending against
17 the few lawsuits that arise (most consumers and attorneys who are not insurance coverage counsel
18 are not familiar with the statutes mentioned in this Complaint and the *McHugh* case) rather than re-
19 opening claims and paying claims which should have previously been paid and which are still owed.

20     65.    PRUDENTIAL's unreasonable denial of coverage on November 8, 2021, and its other
21 bad faith conduct as alleged herein, has caused substantial harm to Plaintiff. This harm includes, but
22 is not limited to, the $500,000 in indemnity limits due to Plaintiff and unreasonably withheld by
23 PRUDENTIAL, and interest at the legal rate thereon, mental and emotional distress, and other
24 economic damages, all in an amount to be proven at trial.

25     66.    As a further result of PRUDENTIAL unreasonably withholding Policy benefits which
26 are due to Plaintiff, Plaintiff has had to retain attorneys to seek recovery of such Policy benefits. As
27 a result, under the authority of *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Plaintiff is entitled
28 to recovery of her attorneys' fees incurred in seeking benefits unreasonably withheld by

1  PRUDENTIAL.

2      67.    In addition, PRUDENTIAL's conduct as alleged herein has been oppressive,

3  fraudulent, and malicious, and such conduct has been authorized and/or ratified by the officers

4  (Kimberly King, Vice President of Operations), directors, or managing agent (Kimberly King, Vice

5  President of Operations) of PRUDENTIAL, thereby entitling Plaintiff to the recovery of punitive

6  damages against PRUDENTIAL.

7                          **THIRD CAUSE OF ACTION**

8                      **INTENTIONAL MISREPRESENTATION**

9              **(By Plaintiff against all Defendants, including DOES 1 through 20)**

10     68.    Plaintiff hereby incorporates by reference paragraphs 1 through 67, above, as if set

11  forth in full herein.

12     69.    By letter dated November 8, 2021, Kimberly King, Vice President of Operations, of

13  PRUDENTIAL, made the following representation to Plaintiff's counsel: "This policy had a 31 day

14  grace period before it would lapse if payment is received within that grace period and before the death

15  of the insured as it is explained on the letter dated 9/15/2020 which was addressed to the owner, FFL

16  Inc."

17     70.    The foregoing representation was false, because even if the Policy contains a 31-day

18  grace-period and regardless of when the Policy was issued, the Policy is deemed, as a matter of law,

19  to contain a 60-day grace period and the Policy applies if the insured dies during the 60-day grace

20  period regardless of whether the overdue premium is paid. Cal. Ins. Code § 10113.71(a); *McHugh*,

21  *supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the insurer will be

22  required to pay benefits for which it has not received a premium …..").

23     71.    Kimberly King, with the knowledge and authorization of PRUDENTIAL, and on

24  behalf of PRUDENTIAL, and within the course and scope of her employment with PRUDENTIAL,

25  knew that the representation was false when she made it, or she made the representation recklessly

26  and without regard for its truth.

27     72.    Kimbely King, with the knowledge and authorization of PRUDENTIAL, and on

28  behalf of PRUDENTIAL, and within the course and scope of her employment with PRUDENTIAL,

- 13 –

COMPLAINT

1   intended that Plaintiff rely on the representation.

2       73.     Plaintiff reasonably relied on the representation.

3       74.     As a result, Plaintiff was harmed.

4       75.     Plaintiff's reliance on said representation was a substantial factor in causing her harm.
5   This harm includes, but is not limited to, the $500,000 in indemnity limits due to Plaintiff and
6   unreasonably withheld by PRUDENTIAL, and interest at the legal rate thereon, mental and emotional
7   distress, and other economic damages, all in an amount to be proven at trial.

8       76.     In addition, PRUDENTIAL's conduct as alleged herein has been oppressive,
9   fraudulent, and malicious, and such conduct has been authorized and/or ratified by the officers
10  (Kimberly King, Vice President of Operations), directors, or managing agent (Kimberly King, Vice
11  President of Operations) of PRUDENTIAL, thereby entitling Plaintiff to the recovery of punitive
12  damages against PRUDENTIAL.

13                          **FOURTH CAUSE OF ACTION**

14                      **NEGLIGENT MISREPRESENTATION**

15          **(By Plaintiff against all Defendants, including DOES 1 through 20)**

16      77.     Plaintiff hereby incorporates by reference paragraphs 1 through 76, above, as if set
17  forth in full herein.

18      78.     By letter dated November 8, 2021, Kimberly King, Vice President of Operations, of
19  PRUDENTIAL, made the following representation to Plaintiff's counsel: "This policy had a 31 day
20  grace period before it would lapse if payment is received within that grace period and before the death
21  of the insured as it is explained on the letter dated 9/15/2020 which was addressed to the owner, FFL
22  Inc."

23      79.     The foregoing representation was false, because even if the Policy contains a 31-day
24  grace-period and regardless of when the Policy was issued, the Policy is deemed, as a matter of law,
25  to contain a 60-day grace period and the Policy applies if the insured dies during the 60-day grace
26  period regardless of whether the overdue premium is paid. Cal. Ins. Code § 10113.71(a); *McHugh*,
27  *supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the insurer will be
28  required to pay benefits for which it has not received a premium ….").

                                    – 14 –

                                  COMPLAINT

80.    Kimberly King, with the knowledge and authorization of PRUDENTIAL, and on behalf of PRUDENTIAL, and within the course and scope of her employment with PRUDENTIAL, made such a representation. Although Ms. King may have honestly believed that the representation was true, she had no reasonable grounds for believing the representation was true when she made it.

81.    Kimbely King, with the knowledge and authorization of PRUDENTIAL, and on behalf of PRUDENTIAL, and within the course and scope of her employment with PRUDENTIAL, intended that Plaintiff rely on the representation.

82.    Plaintiff reasonably relied on the representation.

83.    As a result, Plaintiff was harmed.

84.    Plaintiff's reliance on said representation was a substantial factor in causing her harm. This harm includes, but is not limited to, the $500,000 in indemnity limits due to Plaintiff and unreasonably withheld by PRUDENTIAL, and interest at the legal rate thereon, mental and emotional distress, and other economic damages, all in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

1.    For all compensatory damages suffered and sustained by Plaintiffs on the first, second, third and fourth causes of action, including economic damages, mental and emotional distress, and *Brandt* attorney's fees, all in an amount to be proven at trial:

2.    For punitive damages pursuant to the second and third causes of action;

3.    For prejudgment interest on the economic damages;

4.    For all awardable court costs; and

5.    For such other and further relief in law or in equity as the Court deems just and proper.

FREEDMAN LAW

Dated: September 26, 2023                    By:_____
                                             René Turner Sample, Esq.
                                             Attorneys for Plaintiff
                                             VALERIE NEPINSKY

- 15 -

COMPLAINT

LAW OFFICES OF PAUL J. O'ROURKE, JR.

Dated: September 26, 2023          By: _____

Paul J. O'Rourke, Jr., Esq.
Attorneys for Plaintiff
VALERIE NEPINSKY

## DEMAND FOR JURY TRIAL

Plaintiff, VALERIE NEPINSKY, hereby demands a trial by jury in the above-entitled matter.

FREEDMAN LAW

Dated: September 26, 2023          By: _____

Rene Turner Sample, Esq.
Attorneys for Plaintiff
VALERIE NEPINSKY

LAW OFFICES OF PAUL J. O'ROURKE, JR.

Dated: September 26, 2023          By: _____

Paul J. O'Rourke, Jr., Esq.
Attorneys for Plaintiff
VALERIE NEPINSKY

- 16 -

COMPLAINT

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number, and address):*

Rene' Turner Sample, SBN 138048          Paul J. O'Rourke, Jr., SBN 143951
FREEDMAN LAW                             LAW OFFICES OF PAUL J. O'ROUKE, JR.
3705 W. Beechwood Avenue, Fresno, CA 93711    8050 N. Palm Avenue, Ste. 300, Fresno, CA 93711
TELEPHONE NO.: (559) 447-9000            FAX NO. *(Optional)*: (559) 447-9100
E-MAIL ADDRESS: eService@freedmanlaw.com; paul@pjorlaw.com
ATTORNEY FOR *(Name)*: Plaintiff, Valerie Nepinsky

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 221 S. Mooney Boulevard, Room 201
MAILING ADDRESS:
CITY AND ZIP CODE: Visalia, California 93291
BRANCH NAME: Civil Division, Unlimited Jurisdiction

**ELECTRONICALLY FILED**
Superior Court of California,
County of Tulare
09/27/2023
By: Sevanah Trevino ,
Deputy Clerk

CASE NAME:
NEPINSKY, Valerie v. The Prudential Insurance Company of America, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | VCU302224  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [X] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 26, 2023
Rene' Turner Sample, Esq.
_____        ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
      case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# Alternative Dispute Resolution
# Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court.  Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

## *Civil Standing Order Regarding ADR:*

*In 2006, a Case Management Conference (CMC) Standing Order 07-0628, was implemented requiring parties in general civil cases filed in Fresno County Superior Court to participate in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresno.courts.ca.gov  under the "Forms," section.  Please note, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often

help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

## *Mediation*

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute will be resolved, the parties do. It is a cooperative process guided by the mediator to create an agreement that addresses each person's interests. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary and confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

## *Arbitration*

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute**. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration is generally quicker, less expensive and less formal than a lawsuit. An arbitrator can often hear a case in a matter of hours rather than days in a trial. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding Arbitration**: Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-Binding Arbitration**: May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## *Case Evaluation*

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or procedural questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR are normally put into writing and can become binding contracts that are enforceable in court. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include Conciliation, Settlement Conference, Fact Finding, Mini-Trial, Victim Offender Conferencing, and Summary Jury Trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR is even used to resolve disputes after trial, when the result is appealed.

### Disadvantages

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
  - Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, many programs and the Court have established qualification requirements and standards of conduct for their neutral panels.

# Mediation Services Offered by Fresno County Superior Court

## Mediation Practitioner Panel:

Fresno County Superior Court, Alternative Dispute Resolution (ADR) Department maintains a fee-for-service Mediation Panel as a public service for court litigants and the community. Those listed have met the Court's eligibility requirements and have agreed to abide by the Court's professional standards of conduct in order to participate as a panel member. The panel list can be found on the Court's website under the Alternative Dispute Resolution link,
www.fresno.courts.ca.gov/alternative_dispute_resolution/Mediator

## Free / Low Cost ADR Service Options

For cases involving self-represented litigants or those unable to afford a private mediator, the court contracts with the following organization to provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding.

- **Better Business Bureau Mediation Center**- *This organization provides mediation for **family law property disputes, small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes.** For more information about their services go to www.mediationservicesbybbb.org*

  *2600 W. Shaw Lane*
  *Fresno, CA 93711*
  *559.256.6300 (phone)*
  *800.675.8118, ext. 300 (toll free)*

**For more information, go to** www.fresno.courts.ca.gov/alternative_dispute_resolution **or contact:**

| | |
|---|---|
| Mari Henson, Administrator | Camille Valentine, Asst. Administrator |
| 1130 "O" Street, Fresno, CA. 93724 | 1130 "O" Street, Fresno. CA. 93724 |
| TEL (559) 457-1908, FAX (559) 457-1691 | TEL (559) 457-1909, FAX (559) 457-1691 |
| mhenson@fresno.courts.ca.gov | cvalentine@fresno.courts.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                              FAX NO: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation     ☐ Arbitration     ☐ Neutral Case Evaluation     ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:   ( ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR).  The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

**TADR-01  R11-11 mandatory**      **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)**

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

| | FOR COURT USE ONLY |
|---|---|

CASE TITLE:

| STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR) ATTACHMENT | CASE NUMBER: |
|---|---|

---

Date _____     Type or Print Name _____     Signature of Party or Attorney for Party

Date _____     Type or Print Name _____     Signature of Party or Attorney for Party

Date _____     Type or Print Name _____     Signature of Party or Attorney for Party

Date _____     Type or Print Name _____     Signature of Party or Attorney for Party

Date _____     Type or Print Name _____     Signature of Party or Attorney for Party

Date _____     Type or Print Name _____     Signature of Party or Attorney for Party

Date _____     Type or Print Name _____     Signature of Party or Attorney for Party

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO:                          FAX NO:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto  ☐ Personal Injury – Property Damage  ☐ Contract  ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes    (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No    Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No    Reason for delay: _____
            Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

**Case Number:**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days        ☐ 1 Day        ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days        ☐ 1 Day        ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes           ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**       Florence Yee
            THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
            751 BROAD ST
            NEWARK, NJ 07102-3714

**RE:**       **Process Served in California**

**FOR:**      The Prudential Insurance Company of America  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VALERIE NEPINSKY vs. THE PRUDENTIAL INSURANCE |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | Tulare County - Superior Court, CA<br>Case # VCU302224 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/05/2023 at 14:22 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S)/SENDER(S):** | Rena Turner Sample<br>FREEDMAN LAW<br>3705 W. Beechwood Avenue<br>Fresno, CA 93711<br>559- 447-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/06/2023, Expected Purge Date: 10/11/2023<br><br>Image SOP<br><br>Email Notification,  Legal Process Unit  legal.process.unit@prudential.com<br><br>Email Notification,  Darbi Luzzi  darbi.luzzi@prudential.com<br><br>Email Notification,  Lissette Diaz  lissette.diaz@prudential.com<br><br>Email Notification,  Florence Yee  Florence.Yee@Prudential.com |
| **REGISTERED AGENT CONTACT:** | Amanda Garcia<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Wolters Kluwer

CT Corporation
**Service of Process Notification**
10/05/2023
CT Log Number 544870561

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                Thu, Oct 5, 2023
**Server Name:**                    DROP SERVICE

| Entity Served | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA |
|---|---|
| Case Number | VCU302224 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** The Prudential Insurance Company of America, a
*(AVISO AL DEMANDADO):* corporation; Pruco Life Insurance Company, a
corporation; Pruco Life Insurance Company of New Jersey, business form unknown;
and DOES 1 through 20, Inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** Valerie Nepinsky
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* VCU302224

Superior Court of California, County of Tulare
221 S. Mooney Boulevard, Room 201
Visalia, California 93291
Civil Division, Unlimited Jurisdiction

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rene' Turner Sample, SBN 138048          (559) 447-9000     (559) 447-9100
FREEDMAN LAW, 3705 W. Beechwood Avenue, Fresno, California 93711
Paul J. O'Rourke, Jr., SBN 143951
LAW OFFICES OF PAUL J. O'ROURKE, JR., 8050 N. Palm Avenue, Suite 300, Fresno, California 93711

DATE: *(Fecha)* 09/27/2023     Clerk, by *(Secretaria)* Stephanie Cameron _____, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: The Prudential Insurance Company of America, a corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1; 2009]

**SUMMONS**

Legal Solutions ® Plus

Code of Civil Procedure §§ 412.20, 465

Assigned to Judicial Officer
John P Bianco

For All Purposes

ELECTRONICALLY FILED
Superior Court of California,
County of Tulare
09/27/2023
By: Sevanah Trevino ,
Deputy Clerk

1 René Turner Sample, SBN 138046
FREEDMAN LAW
2 3705 W. Beechwood Avenue
Fresno, California 93711
3 Telephone No.: (559) 447-9000
Facsimile No.: (559) 447-9100
4 Email address: eService@freedmanlaw.com

5 Paul J. O'Rourke, Jr., SBN 143951
LAW OFFICES OF PAUL J. O'ROURKE, JR.
6 8050 N. Palm Avenue, Suite 300
Fresno, California 93711
7 Telephone No.: (559) 272-9670
Facsimile No.: (559) 549-6224
8 Email address: paul@pjorlaw.com

9 Attorneys for Plaintiff
VALERIE NEPINSKY

10

**Case Management Conference**

01/31/2024 08:30 AM - Department 02

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        FOR THE COUNTY OF TULARE

13

14 VALERIE NEPINSKY,                       Case No.  VCU302224

15            Plaintiff,                    **COMPLAINT FOR DAMAGES FOR**

16        v.                               1. **BREACH OF CONTRACT**
                                           2. **TORTIOUS   BREACH   OF   THE**
17 THE PRUDENTIAL INSURANCE                   **IMPLIED  COVENANT  OF  GOOD**
   COMPANY OF AMERICA, a corporation;         **FAITH AND FAIR DEALING**
18 PRUCO LIFE INSURANCE COMPANY, a         3. **INTENTIONAL**
   corporation; PRUCO LIFE INSURANCE         **MISREPRESENTATION**
19 COMPANY OF NEW JERSEY, business form    4. **NEGLIGENT**
   unknown; and DOES 1 through 20, inclusive,  **MISREPRESENTATION**
20
            Defendants.                     **DEMAND FOR JURY TRIAL**
21

22

23

24        COMES NOW, plaintiff, VALERIE NEPINSKY, and hereby alleges in her Complaint for

25 Damages against Defendants as follows:

26                              **PARTIES**

27        1.    Plaintiff, VALERIE NEPINSKY ("Plaintiff"), is and was, at all relevant times, an

28 individual who resides in Tulare County, California.

                                   - 1 -

                                 COMPLAINT

2.     Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation, has, at all relevant times, conducted the business of life insurance in Tulare County, California.

3.     Defendant, PRUCO LIFE INSURANCE COMPANY, a corporation, has, at all relevant times, conducted the business of life insurance in Tulare County, California.

4.     Defendant, PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY, business form unknown, has, at all relevant times, conducted the business of life insurance in Tulare County, California.

5.     Defendants, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUCO LIFE INSURANCE COMPANY and PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY will hereafter collectively be referred to as "PRUDENTIAL".

6.     Defendants DOES 1 through 20, are unknown, but are believed to be operating on behalf of or with the authority of Defendants or are otherwise liable for the events alleged herein and Plaintiffs' damages alleged herein.

7.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff is informed and believes, and thereon alleges, that at all relevant times alleged in this Complaint, each of the fictitiously named defendants are responsible in some manner for the injuries and damages to Plaintiff. Plaintiff will seek leave to amend this Complaint when their names and participation in the acts alleged herein have been ascertained.

8.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants named herein was the agent, servant, or employee of each of the remaining defendants, and at all times mentioned herein, each was acting within the scope and authority of such agency or employment and for the mutual benefit of the other defendants.

**VENUE**

9.     Venue is proper in this Court because: Tulare County is where the subject life insurance contract was entered into; Tulare County is where the contract is to be performed; and Tulare County is where the obligation or liability arises.

- 2 –

COMPLAINT

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     Plaintiff's deceased husband, Brian Nepinsky, co-owned a business named FFL Inc. ("FFL") in Visalia, California, along with Chris Riddington.

11.     FFL purchased PRUDENTIAL Life Insurance Policy No. L8154811 (the "Policy"). When the Policy was issued, FFL was the owner of the Policy. Brian Nepinsky was the insured. Chris Riddington was the beneficiary.

12.     In August of 2020, FFL was in the process of closing its business. Since FFL was closing its business, with the agreement of FFL and Chris Riddington, Brian Nepinsky sent a proper notice of change of beneficiary form to PRUDENTIAL, naming Plaintiff as the beneficiary. The change of beneficiary form was returned to Brian Nepinsky on the grounds that the change of beneficiary form was not signed. However, the change of beneficiary form did not have a signature line. Plaintiff alleges that she should have been the beneficiary under the Policy in and after August of 2020.

13.     Consistent with the facts alleged in the preceding paragraph (that FFL, Mr. Riddington and Mr. Nepinsky agreed that Plaintiff should be the recipient of any Policy benefits if Mr. Nepinsky died), on July 26, 2021, Chris Riddington assigned, in writing, to Plaintiff all rights and benefits he had as beneficiary under the Policy. The assignment states: "I, Chris Riddington, hereby agree to assign all rights and benefits I may have as beneficiary under the [P]rudential policy number L8154811 for owner FFL, Inc. and insured Brian Nepinsky to Valerie Nepinsky." The assignment is dated July 26, 2021, and is signed by Mr. Riddington, as Secretary and Treasurer of FFL. As alleged infra, PRUDENTIAL has known of this assignment since shortly after September 27, 2021.

14.     According to PRUDENTIAL, FFL did not pay the Policy's $635.00 annual premium due by the due date of July 26, 2020.

15.     Plaintiff is informed and believes, and on that basis alleges that, in violation of California law, PRUDENTIAL did not provide notice to the named Policy owner, FFL, of a missed premium payment within 30 days of the missed July 26, 2020, premium payment and did not provide a notice of pending lapse and termination of policy to the named Policy owner, FFL, at least 30 days prior to any purported Policy termination. Cal. Ins. Code §§ 10113.71(b)(1), (3), 10113.72(c);

– 3 –

1   *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 240 (August 30, 2021).

2       16.    In addition, pursuant to California Insurance Code section 10113.71(a) ("Section

3   10113.71(a)"), "[e]ach life insurance policy issued or delivered in this state shall contain a provision

4   for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall

5   not run concurrently with the period of coverage. The provision shall provide that the policy shall

6   remain in force during the grace period."

7       17.    Based on Section 10113.71(a), regardless of when the Policy was issued (prior to or

8   after Section 10113.71(a) taking effect on January 1, 2013) or what the stated grace period is in the

9   Policy, the Policy is deemed, as a matter of law, to contain a grace period of 60 days. *McHugh, supra*,

10  12 Cal. 5th at 240. This means that, regardless of whether the annual premium was paid, indemnity

11  is owed under the Policy if, as happened here, the insured dies within 60 days of July 26, 2020.

12  *McHugh, supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the insurer

13  will be required to pay benefits for which it has not received a premium … [although] the insurer

14  would be entitled to deduct the unpaid premium payment from any life insurance benefits it pays

15  out.").

16      18.    In addition, Insurance Code section 10113.72(a) and (b) require that an insurer notify

17  an individual life insurance policy applicant (subdivision a) and the policy owner (subdivision b) "of

18  the right to designate at least one person, in addition to the applicant [and policy owner], to receive

19  notice of a lapse or termination of a policy for nonpayment of premium." Insurance Code section

20  10113.72(c) provides that no "individual life policy shall lapse or be terminated for nonpayment of

21  premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination,

22  gives notice to the policy owner and to the person or person designated pursuant to subdivision (a)."

23      19.    In this case, on information and belief, Plaintiff alleges that PRUDENTIAL violated

24  Insurance Code section 10113.72(a) and (b) by not notifying FFL at the inception of the Policy and/or

25  annually of its of its right to designate at least one other person, in addition to the applicant and policy

26  owner, to receive notice of a lapse or termination of a policy for nonpayment of premium. As alleged

27  on information and belief *supra*, PRUDENTIAL never sent a notice of pending lapse and termination

28  of the Policy at least 30 days before any purported Policy lapse or termination. However, even if,

1    hypothetically, PRUDENTIAL did so, its violation of Insurance Code section 10113.72(a) and (b)

2    would render such notice invalid and null and void.

3         20.     PRUDENTIAL sent a September 3, 2020, letter to FFL enclosing a bill for the $635.00

4    annual premium. PRUDENTIAL's September 3, 2023, letter did not mention any missed payment,

5    pending Policy lapse or that the Policy had terminated. PRUDENTIAL's September 3, 2020, letter

6    was sent during the mandatory 60-day grace period in which the Policy is required to remain in force.

7         21.     On September 4, 2020, Brian Nepinsky tragically died in a plane crash that occurred

8    that day.

9         22.     On September 15, 2020, Plaintiff sent a check for $635.00 to PRUDENTIAL, which

10    was made payable to PRUDENTIAL. This check was sent to PRUDENTIAL while the Policy was

11    still in force due to the mandatory 60-day grace period.

12         23.     PRUDENTIAL subsequently cashed Plaintiff's September 15, 2020, check.

13         24.     By letter dated September 15, 2020, to FFL, PRUDENTIAL advised FFL that

14    PRUDENTIAL had not yet received the $635.00 payment due by July 26, 2020, but that the Policy

15    could be reinstated with a payment received by September 26, 2020. However, as noted, on

16    information and belief, as required by the law, PRUDENTIAL never sent to FFL a notice of pending

17    lapse and termination of policy at least 30 days before any purported termination of the Policy. In

18    addition, as of the date of PRUDENTIAL's September 15, 2020, letter, the Policy remained in force

19    due to the legally required 60-day grace period. Therefore, PRUDENTIAL's letter falsely stated that

20    the Policy had terminated. The letter further stated that if payment had already been made, the letter

21    could be disregarded. As noted, the payment had already been made by Plaintiff by check dated

22    September 15, 2020, and PRUDENTIAL cashed the check.

23         25.     On September 29, 2020, PRUDENTIAL sent another letter to FFL stating that while

24    payment had not yet been received and although the Policy had lapsed, the Policy was eligible for

25    reinstatement. Again, Plaintiff paid the annual premium due before the expiration of the mandatory

26    60-day grace period and, on information and belief, without PRUDENTIAL ever having sent to FFL

27    a notice of pending lapse and termination of policy at least 30 days prior to any purported termination

28    of the Policy.

- 5 -

COMPLAINT

26.     In addition, under the *McHugh* case, *supra*, 12 Cal. 5th at 233, regardless of whether Plaintiff paid the annual $635.00 premium, since Mr. Nepinsky died during the legally mandated 60-day grace period, PRUDENTIAL owed the $500,000 in indemnity benefits under the Policy.

27.     PRUDENTIAL sent a letter dated October 24, 2020, to FFL, which enclosed a PRUDENTIAL check for $635.00. The letter stated that PRUDENTIAL could not accept the check because the Policy had lapsed. The PRUDENTIAL check was not cashed.

28.     By letter dated September 27, 2021, Rene Turner, counsel for Plaintiff, made a claim under the Policy on behalf of Plaintiff. Ms. Turner's letter discussed the factual history of the matter. Ms. Turner's letter also stated that the change of beneficiary request made in August of 2020 (from Mr. Riddington to Plaintiff), had been improperly rejected. Ms. Turner further provided a copy of the July 26, 2021, written assignment of Mr. Riddington's rights and benefits, as a beneficiary under the Policy, to Plaintiff. Ms. Turner's letter asked for confirmation that the Policy was in full force when Mr. Nepinsky died. Ms. Turner's letter also stated: "I also hereby demand full payment of the policy."

29.     Ms. Turner's letter further stated: "In the event it is your position that the policy was not in effect, please provide written documentation setting forth a basis for your denial and provide a complete copy of the file regarding this policy, including but not limited to, a copy of the policy, the application, all payment records and all correspondence regarding this policy."

30.     After having received Ms. Turner's September 27, 2021, letter, given its duties under the implied covenant of good faith and fair dealing and applicable California claims handling regulations, PRUDENTIAL was required to "conduct and diligently pursue a thorough, fair and objective investigation ...." Cal. Code Regs. Title 10, § 2695.7(d). PRUDENTIAL failed to conduct any meaningful investigation. PRUDENTIAL did not contact Ms. Turner or Plaintiff. Based on information and belief, PRUDENTIAL did not contact Mr. Riddington.

31.     An "insurer bears a common law obligation to assist the insured to recover bargained-for policy benefits. ... This obligation is often described as a manifestation of the duty of good faith and fair dealing, which arises from every contract as an implied covenant generating both a contractual obligation and a duty in tort." *City of Hollister v. Monterey Insurance Company*, 165 Cal. App. 4th 455, 490-491 (2008). Despite the foregoing duty owed by PRUDENTIAL, PRUDENTIAL

- 6 -

COMPLAINT

1    made no effort to assist Plaintiff to recover benefits owed under the Policy.

2       32.    Instead, by letter to Ms. Turner dated November 8, 2021, and without having engaged
3    in any meaningful investigation of the facts or controlling law, Kimberly King, Vice President of
4    Operations for PRUDENTIAL, represented as follows: "Our records indicate that this policy lapsed
5    on 8/26/2020 due to non-payment of an annual premium that was due on 7/26/2020. The insured died
6    on 9/4/2020 and the check from Valerie Nepinsky is dated 9/15/2020. A policy cannot be reinstated
7    after the death of the insured." The letter claimed that the payment "submitted by Valerie Nepinsky
8    was returned to the owner of the policy, FFL Inc., on 10-27-2020."

9       33.    The November 8, 2021, letter sent by Kimberly King, Vice President of Operations
10   for PRUDENTIAL, further represented: "Unfortunately, the letter dated 9/15/2020, advising the
11   owner they were able to reinstate this policy, had already been mailed before the death of the insured
12   was reported to Prudential. This policy had a 31 day grace period before it would lapse if payment is
13   received within that grace period and before the death of the insured as it is explained on the letter
14   dated 9/15/2020 which was addressed to the owner, FFL Inc."

15      34.    In the *McHugh* case, based on California Insurance Code section 10113.71(a), the
16   California Supreme Court held that "if the insured dies during the extended grace period [60 days
17   following the premium due date], the insurer will be required to pay benefits for which it has not
18   received a premium ... [although] the insurer would be entitled to deduct the unpaid premium
19   payment from any life insurance benefits it pays out." *McHugh*, *supra*, 12 Cal. 5th at 233

20      35.    The opinion in the *McHugh* case, *supra*, 12 Cal. 5th 213, was issued on August 30,
21   2021. As a Vice President of Operations for a major life insurer conducting the business of insurance
22   in California, Ms. King and her employer, PRUDENTIAL, knew or should have known of the holding
23   in the *McHugh* case at and before the time that Ms. King sent her November 8, 2021, letter to Ms.
24   Turner. Therefore, the November 8, 2021, letter sent to Plaintiff's counsel by PRUDENTIAL's Vice
25   President of Operations intentionally or negligently misrepresented that the grace period was 31 days
26   rather than the legally mandated 60 days.

27      36.    Under California's claims handling regulations, when an insured makes a
28   communication "that reasonably suggests that a response is expected, every licensee, shall

-7-

COMPLAINT

1  immediately, but in no event more than fifteen days after receipt of that communication, furnish the

2  claimant with a complete response based on the facts as the known by the licensee." Cal. Code Regs.

3  Title 10, § 2695.5(b). Despite Ms. Turner's request to PRUDENTIAL contained in her September

4  27, 2021, letter, PRUDENTIAL never sent Ms. Turner a complete copy of the file regarding the

5  Policy, including but not limited to, a copy of the Policy, the application, all payment records and all

6  correspondence regarding this Policy.

7  **FIRST CAUSE OF ACTION**

8  **Breach of Contract**

9  **(By Plaintiff against all Defendants, including DOES 1 through 20)**

10      37.     Plaintiff hereby incorporates by reference paragraphs 1 through 36, above, as if set

11  forth in full herein.

12      38.     FFL and PRUDENTIAL entered into a contract of life insurance (the Policy).

13      39.     As relevant here, the material terms of the Policy were that: FFL was the owner of the

14  Policy; Brian Nepinsky was the insured under the Policy; Chris Riddington was the beneficiary under

15  the Policy; the Policy limits were $500,000.00; and upon the death of the insured, PRUDENTIAL

16  would pay the beneficiary $500,000.00.

17      40.     As alleged *supra*, in August of 2020, prior to Mr. Nepinsky's death, because FFL was

18  closing its business, Chris Riddington, a co-owner of FFL, along with Brian Nepinsky, no longer

19  needed to be named as a beneficiary. A proper change in beneficiary form was sent to PRUDENTIAL

20  changing the beneficiary from Chris Riddington to Plaintiff. The document was improperly returned

21  by PRUDENTIAL claiming it did not have a signature. However, the PRUDENTIAL change in

22  beneficiary form did not have a signature line. As a result, Plaintiff should be considered the sole

23  beneficiary under the Policy as of August of 2020.

24      41.     Alternatively, if Chris Riddington is deemed to be the sole beneficiary under the Policy

25  on the date that Mr. Nepinsky died, on July 26, 2021, as alleged *supra*, Chris Riddington assigned, in

26  writing, all rights and benefits he may have as beneficiary under the Policy to Plaintiff. Mr.

27  Riddington did so because that was the intent of FFL, Mr. Riddington and Mr. Nepinsky in August

28  of 2020 to make Plaintiff the beneficiary under the Policy. Therefore, as Mr. Riddington's assignee,

- 8 -

COMPLAINT

1  Plaintiff stands in the shoes of Mr. Riddington as the beneficiary under the Policy and has the
2  contractual right to receive all contractual benefits due under the Policy. As alleged *supra*,
3  PRUDENTIAL has known of the assignment of rights since receiving Ms. Turner's September 27,
4  2021, letter to PRUDENTIAL.

5        42.    While the annual premium of $635.00 purportedly due by July 26, 2020, was not paid
6  by FFL on or before that date, as alleged *supra*, on information and belief, PRUDENTIAL never sent
7  a notice of pending lapse to FFL at least 30 days prior to any Policy lapse as required by California
8  law. Cal. Ins. Code § 10113.71(b)(1).

9        43.    In addition, as alleged *supra*, pursuant to California Insurance Code section
10  10113.71(a), regardless of when the Policy was issued or what the stated grace period is in the Policy,
11  the Policy is deemed, as a matter of law, to contain a grace period of 60 days past the missed premium
12  due date of July 26, 2020. The statutory 60-day grace period requirement supersedes any conflicting
13  language contained in the Policy. That means the Policy was required to remain in force, regardless
14  of whether the annual $635.00 annual premium was paid, for 60 days after July 26, 2020.

15        44.    In addition, as alleged *supra*, PRUDENTIAL sent a September 3, 2020, letter to FFL.
16  That letter simply enclosed a bill for $635.00. The letter did not mention any missed payment or
17  policy lapse.

18        45.    On September 4, 2020, Brian Nepinsky tragically died in a plane crash that occurred
19  that day.

20        46.    As alleged *supra*, Mr. Nepinsky's death occurred on September 4, 2020, which is
21  within the legally required 60-day grace period when the Policy remained in force regardless of
22  whether the Policy contained a 31-day grace period or whether the annual $635.00 premium was
23  paid. *McHugh, supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the
24  insurer will be required to pay benefits for which it has not received a premium … [although] the
25  insurer would be entitled to deduct the unpaid premium payment from any life insurance benefits it
26  pays out.").

27        47.    Nevertheless, on September 15, 2020, Plaintiff sent a check for $635.00 to
28  PRUDENTIAL which was made payable to PRUDENTIAL.

-9-

COMPLAINT

48.     PRUDENTIAL subsequently cashed the check.

49.     Plaintiff presented a claim to PRUDENTIAL via Ms. Turner's September 27, 2021, letter to PRUDENTIAL.

50.     Plaintiff and her assignor and FFL satisfied all conditions required under the Policy and/or any such conditions allegedly complied with were waived by PRUDENTIAL and/or PRUDENTIAL is equitably estopped from raising such conditions.

51.     On November 8, 2021, PRUDENTIAL breached the Policy by not paying Plaintiff the $500,000.00 limits of the Policy as demanded by Plaintiff. The breach occurred when PRUDENTIAL refused to pay the benefits by its November 8, 2021, letter, not when PRUDENTIAL improperly terminated the Policy. *Poe v. Northwestern Mutual Life Insurance Company*, 2023 WL 5251875, at * 4 (C.D. Cal. August 14, 2023).

52.     Since the insured, Mr. Nepinsky, died within the legally mandated 60-day grace period, PRUDENTIAL owed the full $500,000 indemnity limits of the Policy minus the unpaid premium (which was in fact paid to PRUDENTIAL by Plaintiff on September 15, 2020).

53.     PRUDENTIAL's November 8, 2021, breach of contract was a substantial factor in causing Plaintiff's harm.

54.     As a result of PRUDENTIAL'S breach of the Policy, Plaintiff has suffered damages, including, but not limited to, loss of the $500,000 indemnity payment owed under the Policy, and interest at the legal rate thereon, mental and emotional harm and other consequential and incidental damages to be proven at trial.

## SECOND CAUSE OF ACTION

### Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

### (By Plaintiff against all Defendants, including DOES 1 through 20)

55.     Plaintiff hereby incorporates by reference paragraphs 1 through 54, above, as if set forth in full herein.

56.     As alleged in the preceding cause of action, as a result of its breach of the Policy on November 8, 2021, PRUDENTIAL has withheld from Plaintiff, either as the beneficiary under the Policy or as the assignee of all the beneficiary's contractual rights and benefits under the Policy, the

- 10 -

1  $500,000 in indemnity benefits owed under the Policy.

2       57.    PRUDENTIAL's withholding of the benefits owed under the Policy was unreasonable

3  and without proper cause.

4       58.    First, on information and belief, Plaintiff alleges that PRUDENTIAL knew that it did

5  not lawfully provide notice of a pending Policy lapse and termination of policy to FFL, the owner of

6  the Policy, at least 30 days prior to any purported Policy termination.

7       59.    Next, as alleged *supra*, even if the PRUDENTIAL Policy specifies a 31-day grace

8  period (and PRUDENTIAL has refused Plaintiff's request for a copy of the Policy), PRUDENTIAL

9  knew or should have known, particularly because the *McHugh* decision was issued at least two

10  months prior to PRUDENTIAL's claim denial, that California law has mandated that every life

11  insurance policy contain a 60-day grace period provision. Cal. Ins. Code § 10113.71(a); *McHugh*,

12  *supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the insurer will be

13  required to pay benefits for which it has not received a premium … [although] the insurer would be

14  entitled to deduct the unpaid premium payment from any life insurance benefits it pays out."). The

15  statutory 60-day grace period requirement supersedes any conflicting language contained in the

16  Policy.

17       60.    Prudential knew that Mr. Nepinsky's death occurred on September 4, 2020, which was

18  within the legally required 60-day grace period when the Policy was still in force regardless of

19  whether the Policy contained a 31-day grace period or whether the annual $635.00 premium was paid

20  (which it was ultimately timely paid).

21       61.    PRUDENTIAL also knew that on September 3, 2020, during the required 60-day

22  grace period, PRUDENTIAL sent a bill for the annual $635.00 premium owed by FFL and that

23  Plaintiff subsequently paid said premium by check dated September 15, 2020. PRUDENTIAL also

24  knew that it cashed the September 15, 2020, check for the $635.00 annual premium payment.

25       62.    Despite PRUDENTIAL's knowledge of the matters set forth above and as alleged

26  *supra*, in response to Plaintiff's counsel's September 27, 2021, letter making a claim to Prudential on

27  behalf of Plaintiff and demanding that PRUDENTIAL pay the Policy limits, by letter dated November

28  8, 2021, and without conducting any meaningful investigation, and violation of the statutory law

- 11 -

COMPLAINT

1  discussed, *supra*, and the *McHugh* case, PRUDENTIAL breached the Policy, in bad faith, by refusing

2  to pay the full indemnity limits owed. PRUDENTIAL also refused, in violation of its duty of good

3  faith and fair dealing and California claims handling regulations, to provide documents, upon the

4  request of Plaintiff's counsel, which are relevant to Plaintiff's claim for Policy benefits and

5  PRUDENIAL's refusal to provide Policy benefits (see paragraphs 29, 36, *supra*).

6      63.    PRUDENTIAL's November 8, 2021, denial letter also misrepresented California law

7  regarding the required grace period. PRUDENTIAL claimed that the Policy contained a 31-day grace

8  period. Notwithstanding what grace-period language the PRUDENTIAL Policy may contain (and

9  PRUDENTIAL refused Plaintiff's request for a copy of the Policy), PRUDENTIAL knew or should

10  have known, following the *McHugh* decision, that California law mandates that every life insurance

11  policy contain a 60-day grace period provision. Cal. Ins. Code § 10113.71(a).

12      64.    The decision in the *McHugh* case was issued over two years ago. Notwithstanding that

13  PRUDENTIAL must be well-acquainted with said decision by now, PRUDENTIAL never re-opened

14  and evaluated Plaintiff's claim to determine whether PRUDENTIAL improperly withheld policy

15  benefits because of the *McHugh* decision and the California statutes discussed *supra*. PRUDENTIAL

16  obviously decided, for selfish economic reasons, to be reactive, not proactive, by defending against

17  the few lawsuits that arise (most consumers and attorneys who are not insurance coverage counsel

18  are not familiar with the statutes mentioned in this Complaint and the *McHugh* case) rather than re-

19  opening claims and paying claims which should have previously been paid and which are still owed.

20      65.    PRUDENTIAL's unreasonable denial of coverage on November 8, 2021, and its other

21  bad faith conduct as alleged herein, has caused substantial harm to Plaintiff. This harm includes, but

22  is not limited to, the $500,000 in indemnity limits due to Plaintiff and unreasonably withheld by

23  PRUDENTIAL, and interest at the legal rate thereon, mental and emotional distress, and other

24  economic damages, all in an amount to be proven at trial.

25      66.    As a further result of PRUDENTIAL unreasonably withholding Policy benefits which

26  are due to Plaintiff, Plaintiff has had to retain attorneys to seek recovery of such Policy benefits. As

27  a result, under the authority of *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Plaintiff is entitled

28  to recovery of her attorneys' fees incurred in seeking benefits unreasonably withheld by

- 12 –

COMPLAINT

1  PRUDENTIAL.

2      67.    In addition, PRUDENTIAL's conduct as alleged herein has been oppressive,

3  fraudulent, and malicious, and such conduct has been authorized and/or ratified by the officers

4  (Kimberly King, Vice President of Operations), directors, or managing agent (Kimberly King, Vice

5  President of Operations) of PRUDENTIAL, thereby entitling Plaintiff to the recovery of punitive

6  damages against PRUDENTIAL.

7  ### THIRD CAUSE OF ACTION

8  ### INTENTIONAL MISREPRESENTATION

9  **(By Plaintiff against all Defendants, including DOES 1 through 20)**

10     68.    Plaintiff hereby incorporates by reference paragraphs 1 through 67, above, as if set

11  forth in full herein.

12     69.    By letter dated November 8, 2021, Kimberly King, Vice President of Operations, of

13  PRUDENTIAL, made the following representation to Plaintiff's counsel: "This policy had a 31 day

14  grace period before it would lapse if payment is received within that grace period and before the death

15  of the insured as it is explained on the letter dated 9/15/2020 which was addressed to the owner, FFL

16  Inc."

17     70.    The foregoing representation was false, because even if the Policy contains a 31-day

18  grace-period and regardless of when the Policy was issued, the Policy is deemed, as a matter of law,

19  to contain a 60-day grace period and the Policy applies if the insured dies during the 60-day grace

20  period regardless of whether the overdue premium is paid. Cal. Ins. Code § 10113.71(a); *McHugh*,

21  *supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the insurer will be

22  required to pay benefits for which it has not received a premium ....").

23     71.    Kimberly King, with the knowledge and authorization of PRUDENTIAL, and on

24  behalf of PRUDENTIAL, and within the course and scope of her employment with PRUDENTIAL,

25  knew that the representation was false when she made it, or she made the representation recklessly

26  and without regard for its truth.

27     72.    Kimbely King, with the knowledge and authorization of PRUDENTIAL, and on

28  behalf of PRUDENTIAL, and within the course and scope of her employment with PRUDENTIAL,

- 13 -

COMPLAINT

1    intended that Plaintiff rely on the representation.

2        73.    Plaintiff reasonably relied on the representation.

3        74.    As a result, Plaintiff was harmed.

4        75.    Plaintiff's reliance on said representation was a substantial factor in causing her harm.

5    This harm includes, but is not limited to, the $500,000 in indemnity limits due to Plaintiff and

6    unreasonably withheld by PRUDENTIAL, and interest at the legal rate thereon, mental and emotional

7    distress, and other economic damages, all in an amount to be proven at trial.

8        76.    In addition, PRUDENTIAL's conduct as alleged herein has been oppressive,

9    fraudulent, and malicious, and such conduct has been authorized and/or ratified by the officers

10   (Kimberly King, Vice President of Operations), directors, or managing agent (Kimberly King, Vice

11   President of Operations) of PRUDENTIAL, thereby entitling Plaintiff to the recovery of punitive

12   damages against PRUDENTIAL.

13                           **FOURTH CAUSE OF ACTION**

14                        **NEGLIGENT MISREPRESENTATION**

15              **(By Plaintiff against all Defendants, including DOES 1 through 20)**

16       77.    Plaintiff hereby incorporates by reference paragraphs 1 through 76, above, as if set

17   forth in full herein.

18       78.    By letter dated November 8, 2021, Kimberly King, Vice President of Operations, of

19   PRUDENTIAL, made the following representation to Plaintiff's counsel: "This policy had a 31 day

20   grace period before it would lapse if payment is received within that grace period and before the death

21   of the insured as it is explained on the letter dated 9/15/2020 which was addressed to the owner, FFL

22   Inc."

23       79.    The foregoing representation was false, because even if the Policy contains a 31-day

24   grace-period and regardless of when the Policy was issued, the Policy is deemed, as a matter of law,

25   to contain a 60-day grace period and the Policy applies if the insured dies during the 60-day grace

26   period regardless of whether the overdue premium is paid. Cal. Ins. Code § 10113.71(a); *McHugh*,

27   *supra*, 12 Cal. 5th at 233 ("[I]f the insured dies during the extended grace period, the insurer will be

28   required to pay benefits for which it has not received a premium ….").

                                    – 14 –

                                  COMPLAINT

80. Kimberly King, with the knowledge and authorization of PRUDENTIAL, and on behalf of PRUDENTIAL, and within the course and scope of her employment with PRUDENTIAL, made such a representation. Although Ms. King may have honestly believed that the representation was true, she had no reasonable grounds for believing the representation was true when she made it.

81. Kimbely King, with the knowledge and authorization of PRUDENTIAL, and on behalf of PRUDENTIAL, and within the course and scope of her employment with PRUDENTIAL, intended that Plaintiff rely on the representation.

82. Plaintiff reasonably relied on the representation.

83. As a result, Plaintiff was harmed.

84. Plaintiff's reliance on said representation was a substantial factor in causing her harm. This harm includes, but is not limited to, the $500,000 in indemnity limits due to Plaintiff and unreasonably withheld by PRUDENTIAL, and interest at the legal rate thereon, mental and emotional distress, and other economic damages, all in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

1. For all compensatory damages suffered and sustained by Plaintiffs on the first, second, third and fourth causes of action, including economic damages, mental and emotional distress, and *Brandt* attorney's fees, all in an amount to be proven at trial;

2. For punitive damages pursuant to the second and third causes of action;

3. For prejudgment interest on the economic damages;

4. For all awardable court costs; and

5. For such other and further relief in law or in equity as the Court deems just and proper.

FREEDMAN LAW

Dated: September 26, 2023                    By: _____
                                            Rene Turner Sample, Esq.
                                            Attorneys for Plaintiff
                                            VALERIE NEPINSKY

- 15 -

COMPLAINT

LAW OFFICES OF PAUL J. O'ROURKE, JR.

Dated: September 26, 2023

By: _____
Paul J. O'Rourke, Jr., Esq.
Attorneys for Plaintiff
VALERIE NEPINSKY

## DEMAND FOR JURY TRIAL

Plaintiff, VALERIE NEPINSKY, hereby demands a trial by jury in the above-entitled matter.

FREEDMAN LAW

Dated: September 26, 2023

By: _____
Rene Turner Sample, Esq.
Attorneys for Plaintiff
VALERIE NEPINSKY

LAW OFFICES OF PAUL J. O'ROURKE, JR.

Dated: September 26, 2023

By: _____
Paul J. O'Rourke, Jr., Esq.
Attorneys for Plaintiff
VALERIE NEPINSKY

- 16 –

COMPLAINT

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Rene' Turner Sample, SBN 138046
FREEDMAN LAW
3705 W. Beechwood Avenue, Fresno, CA 93711
TELEPHONE NO.: (559) 447-9000    FAX NO. (Optional): (559) 447-9100
E-MAIL ADDRESS: eService@freedmanlaw.com; paul@pjorlaw.com
ATTORNEY FOR (Name): Plaintiff, Valerie Nepinsky

Paul J. O'Rourke, Jr., SBN 143951
LAW OFFICES OF PAUL J. O'ROUKE, JR.
8050 N. Palm Avenue, Ste. 300, Fresno, CA 93711

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 221 S. Mooney Boulevard, Room 201
MAILING ADDRESS:
CITY AND ZIP CODE: Visalia, California 93291
BRANCH NAME: Civil Division, Unlimited Jurisdiction

CASE NAME:
NEPINSKY, Valerie v. The Prudential Insurance Company of America, et al.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Tulare
09/27/2023
By: Sevanah Trevino .
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | VCU302224  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: September 26, 2023
Rene' Turner Sample, Esq.
_____
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (not asbestos or
toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (not civil
harassment) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (not unlawful detainer
or wrongful eviction)
Contract/Warranty Breach–Seller
Plaintiff (not fraud or negligence)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (not provisionally
complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent
domain, landlord/tenant, or
foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(arising from provisionally complex
case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
(not unpaid taxes)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-
harassment)
Mechanics Lien
Other Commercial Complaint
Case (non-tort/non-complex)
Other Civil Complaint
(non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (not specified
above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# Alternative Dispute Resolution Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court.  Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

## *Civil Standing Order Regarding ADR:*

*In 2006, a Case Management Conference (CMC) Standing Order 07-0628, was implemented requiring parties in general civil cases filed in Fresno County Superior Court to participate in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresno.courts.ca.gov  under the "Forms," section.  Please note, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often

help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

## _Mediation_

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute will be resolved, the parties do. It is a cooperative process guided by the mediator to create an agreement that addresses each person's interests. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary and confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

## _Arbitration_

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute.** This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration is generally quicker, less expensive and less formal than a lawsuit. An arbitrator can often hear a case in a matter of hours rather than days in a trial. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding Arbitration**: Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-Binding Arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## _Case Evaluation_

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or procedural questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR are normally put into writing and can become binding contracts that are enforceable in court. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include Conciliation, Settlement Conference, Fact Finding, Mini-Trial, Victim Offender Conferencing, and Summary Jury Trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- **Often quicker than going to trial,** a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive,** saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment,** allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR is even used to resolve disputes after trial, when the result is appealed.

### Disadvantages

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
  - Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, many programs and the Court have established qualification requirements and standards of conduct for their neutral panels.

# *Mediation Services Offered by Fresno County Superior Court*

### *Mediation Practitioner Panel:*

Fresno County Superior Court, Alternative Dispute Resolution (ADR) Department maintains a fee-for-service Mediation Panel as a public service for court litigants and the community. Those listed have met the Court's eligibility requirements and have agreed to abide by the Court's professional standards of conduct in order to participate as a panel member. The panel list can be found on the Court's website under the Alternative Dispute Resolution link,
www.fresno.courts.ca.gov/alternative_dispute_resolution/Mediator

## Free / Low Cost ADR Service Options

For cases involving self-represented litigants or those unable to afford a private mediator, the court contracts with the following organization to provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding.

- **Better Business Bureau Mediation Center**- *This organization provides mediation for* **family law property disputes, small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes.** *For more information about their services go to* **www.mediationservicesbybbb.org**

  *2600 W. Shaw Lane*
  *Fresno, CA 93711*
  *559.256.6300 (phone)*
  *800.675.8118, ext. 300 (toll free)*

**For more information, go to** www.fresno.courts.ca.gov/alternative_dispute_resolution **or contact:**

| | |
|---|---|
| Mari Henson, Administrator | Camille Valentine, Asst. Administrator |
| 1130 "O" Street, Fresno, CA. 93724 | 1130 "O" Street, Fresno. CA. 93724 |
| TEL (559) 457-1908, FAX (559) 457-1691 | TEL (559) 457-1909, FAX (559) 457-1691 |
| mhenson@fresno.courts.ca.gov | cvalentine@fresno.courts.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                          FAX NO: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
|---|---|
| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation     ☐ Arbitration     ☐ Neutral Case Evaluation     ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address:            _____

City, State, Zip     _____

Phone Number:   ( ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

**TADR-01  R11-11 mandatory**     **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)**

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

FOR COURT USE ONLY

CASE TITLE:

| STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR) ATTACHMENT | CASE NUMBER: |
| --- | --- |

_____     _____     _____
Date                    Type or Print Name      Signature of Party or Attorney for Party

_____     _____     _____
Date                    Type or Print Name      Signature of Party or Attorney for Party

_____     _____     _____
Date                    Type or Print Name      Signature of Party or Attorney for Party

_____     _____     _____
Date                    Type or Print Name      Signature of Party or Attorney for Party

_____     _____     _____
Date                    Type or Print Name      Signature of Party or Attorney for Party

_____     _____     _____
Date                    Type or Print Name      Signature of Party or Attorney for Party

_____     _____     _____
Date                    Type or Print Name      Signature of Party or Attorney for Party

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                      FAX NO:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto  ☐ Personal Injury – Property Damage  ☐ Contract  ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No    Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No    Reason for delay: _____
         Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03 R11-011 mandatory     **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)**     Page 1 of

**Case Number:**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____